

**Jakob B. Halpern**
973.622.8394
jhalpern@saiber.com

April 23, 2025

**BY ECF**

Honorable Cathy Seibel, U.S.D.J.
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

   Re: Yuhuanhongshengmaoyiyouxiangongsi v. dbest products, Inc.
      Civil Action No. 24-10019 (LJL)

Dear Judge Seibel,

  This firm represents defendant dbest products, Inc. ("dbest") in this matter. Pursuant to Your Honor's Individual Practice Rule 2(A) and the Court's April 21, 2024 Docket Order (ECF No. 20), we write on behalf of dbest to request a Discovery Conference regarding dbest's anticipated motion to dismiss the Complaint under Rules 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

  This case arises from dbest's report to Amazon alleging that plaintiff Aocoom—a Chinese company—was selling products that infringe dbest's patent. Amazon removed those listings and informed Aocoom, which in response filed this action: (1) seeking a declaration of noninfringement, (2) seeking a declaration of patent invalidity, (3) asserting an antitrust claim under the Sherman Act, and (4) asserting a claim for tortious interference with business relations.

**A. This Court Lacks Personal Jurisdiction Over dbest.**

  **1. There is no jurisdiction under New York's Long-Arm Statute Because dbest did not commit any act, let alone a tortious act, within New York.**

  Under N.Y. C.P.L.R. 302(a)(2), personal jurisdiction exists only where a defendant commits a tortious act within New York State. Aocoom has not alleged, nor could it plausibly allege, that dbest performed any act—tortious or otherwise—within New York. The relevant allegations involve dbest's communication from California to Amazon in Washington State. These facts do not establish jurisdiction under New York's long-arm statute. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 790 (2d Cir. 1999).

---

[1] dbest's deadline to answer, move or otherwise respond to the Complaint is May 27, 2025.

Saiber LLC • 18 Columbia Turnpike, Suite 200 • Florham Park, New Jersey • 07932-2266 • Tel 973.622.3333 • Fax 973.622.3349 • www.saiber.com

Florham Park • Newark • New York • Philadelphia

**2.    Asserting jurisdiction over dbest would not comport with due process**.

For a declaratory judgment claim, jurisdiction requires that the patentee's forum contacts relate to patent enforcement or defense. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008). Aocoom fails to allege any enforcement activity in New York by dbest. Even its mention of dbest products sold by third parties (Home Depot and Lowe's) in New York is irrelevant, as none of the alleged misconduct occurred there. Accordingly, the Court lacks personal jurisdiction, and should address this threshold issue first.

**B.    This Court is an Improper Venue for this action.**

Venue is improper under 28 U.S.C. § 1391. dbest does not reside in this district, and none of the alleged events occurred here. The Complaint identifies no connection between dbest's conduct and this forum. Because no part of an event alleged in plaintiff's complaint occurred anywhere except California and Washington, venue is also improper in this district.

**C.    Aocoom has not alleged grounds for standing for a Sherman Act Claim or plausibly alleged facts that state a claim for violation of the Sherman Act.**

**1.    Aocoom has not plausibly alleged antitrust standing.**

A plaintiff asserting an antitrust claim under federal law must establish antitrust standing in addition to Article III standing. *Gelboim v. Bank of Am. Corp.*, 823 F.3d 759, 770 (2d Cir. 2016). The issue of antitrust standing is evaluated at the pleading stage based on the complaint's allegations. *In re Aluminum Warehousing Antitrust Litig.* ("Aluminum III"), 833 F.3d 151, 157 (2d Cir. 2016). To plead antitrust standing, a private plaintiff must plausibly allege that (1) it suffered an antitrust injury, and (2) it is a suitable plaintiff in that it satisfies "efficient enforcer" factors. *Gelboim*, 823 F.3d at 772; *Aluminum III*, 833 F.3d at 157. But Aocoom has not attempted to allege that it is has standing.

**2.    Aocoom has not plausibly alleged facts that would state a claim for violation of Section 2 of the Sherman Act.**

To plead a claim under the Sherman Act, a plaintiff must (1) define the relevant market, (2) allege an antitrust injury, and (3) allege conduct in violation of the antitrust laws. *In re Adderall XR*, 754 F.3d 128, 133 (2d Cir. 2014); *Concord Assocs., L.P. v. Entm't. Props. Tr.*, 817 F.3d 46, 52 (2d Cir. 2016).

First, Aocoom does not even attempt to define the relevant market beyond "folding, rolling carts." This alone is grounds for dismissal of the claim. *See Chapman v. New York State Div. for Youth*, 546 F.3d 230, 237-38 (2d Cir. 2008) (dismissing antitrust claim where plaintiff defined the market too narrowly).

Second, Aocoom relies solely on the existence of dbest's patent, which is insufficient to establish market power. A patent's existence does not constitute the requisite market power to

Honorable Cathy Seibel, U.S.D.J.
April 23, 2025
Page 3

support an antitrust claim. *Illinois Tool Works Inc. v. Independent Ink, Inc.*, 547 U.S. 28, 42, 43 n.4 (2006).

      Third, Aocoom fails to allege conduct in violation of the antitrust laws. Its theory of monopolization via patent misuse is legally deficient. Patent misuse is a defense to infringement, not an offensive claim, and "the defense may not be converted into an affirmative claim for damages simply by restyling it as a declaratory judgment counterclaim." *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 704 (Fed. Cir. 1997); *Foto Elec. Supply Co. v. Marut Enters. LLC*, Case No. 24-cv-05540 (JSR), 2025 U.S. Dist. LEXIS 62575, at *11 (S.D.N.Y. Apr. 1, 2025) (internal quotation marks and citations omitted) (granting motion to dismiss patent misuse claim). Finally, Aocoom has not plausibly alleged patent misuse. *See Gust, Inc. v. Alpha Cap Ventures, LLC*, Nos. 15cv6192 (DLC); 16cv1784 (DLC), 2016 U.S. Dist. LEXIS 98869, at *14 (S.D.N.Y. July 28, 2016) (dismissing patent misuse claim where the plaintiff alleged that a patentee asserted objectively baseless claims of patent infringement in lawsuits). For these reasons, the antitrust claim should be dismissed.

**D.**      **Aocoom fails to plausibly allege tortious interference with business relations.**

      To allege tortious interference with a business relationship, a "plaintiff must allege that (1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006). Here, Aocoom has not plausibly alleged that dbest acted solely out of malice, or used dishonest, unfair, or improper means. *See Editor's Pick Luxury LLC v. Red Points Sols. SL*, No. 1-22-cv-07463-(ALC), 2023 U.S. Dist. LEXIS 177023, at *10 (S.D.N.Y. Sept. 29, 2023) (failure to sufficiently allege that malice rather than economic self-interest motivated defendant to report infringement defeated the third element). And as to the fourth element, courts in this district have found that removal of listings on an e-commerce platform does not constitute harm to the underlying business relationship with the platform. *RFP LLC v. SCVNGR, INC.*, 788 F. Supp. 2d 191, 198 (S.D.N.Y. 2011) (underlying relationship was undisturbed by a letter alleging infringement); *CDC Newburgh Inc. v. STM Bags, LLC*, 692 F. Supp. 3d 205, 225 (S.D.N.Y. 2023) (granting motion to dismiss); For at least these reasons, Aocoom's complaint does not state a claim for tortious interference with business relations and should be dismissed.

      We thank the Court for its consideration and assistance in this matter.

      Respectfully submitted,

      /s Jakob B. Halpern

      JAKOB B. HALPERN

JBH/sr

cc:      All counsel of record (by ECF)