# Lance Y. Liu

Lance LIU\*, PhD., Esq.
\*licensed in NY & NJ

Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Phone: 203-706-9536
Email: lanceliu2000@gmail.com
Date: May 14, 2025

VIA CM/ECF
Honorable Cathy Seibel
U.S.D.J. United States District Court
for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    Yuhuanhongshengmaoyiyouxiangongsi v. Dbest products, Inc.
                Civil Action No. 24-10019

Dear Judge Seibel:

Plaintiff hereby responds to the letter motion (Dkt. #21) of Dbest Products, Inc. ("Defendant"). Plaintiff has demonstrated that Defendant used its patent claim on folding & rolling cart to lock down Plaintiff's storage box sales on Amazon. Defendant engaged in patent misuse when it "impermissibly broadened the 'physical or temporal' scope of the patent grant with anticompetitive effect." *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986).

Plaintiff properly alleged that Defendant illegally expand its patent for the folding & rolling cart market into the storage box market. Such action is akin to tying, one of the most common types of patent misuse and antitrust violation[1].

Such violations are governed by 15 U.S. Code § 22 which requires that "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also **in any district wherein it may be found or transacts business**; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

---

[1] Tying is a practice in which a patent holder conditions the sale or licensing of a patented product on the purchase of a non-patented product. This tactic leverages the exclusivity of the patent to gain control over unrelated markets, effectively broadening the scope of the patent monopoly. Courts generally frown upon tying arrangements because they distort fair market competition and artificially enhance the market power of the patent holder.

1

Letter to Honorable Cathy Seibel
May 14, 2025

The application of 15 U.S. Code § 22 is appropriate in this case for the following reasons:

Defendant shut down Plaintiff's Amazon store and stopped Plaintiff (and many others) from selling the storage boxes which do not infringe U.S. Patent No. 12,103,576 ("the '576 Patent[2]"). A direct comparison of the '576 Patent claims with Plaintiff's products demonstrates that there can be no infringement of the '576 Patent by Plaintiff's product.

| Claim Element in Claims 1, 11 & 15 which corresponds to the right wall in Figure 8 of the '576 Patent | Figure 8 of the '576 Patent (folding & rolling cart) | Plaintiff's Storage Box does not have the two panel structure in claims 1, 11 & 15 of the '576 Patent |
|---|---|---|
| Claim 1. "…the right sidewall comprising a first right panel rotatably coupled to a second right panel; the second right panel proportioned to fit within an opening in the first right panel;…" | [Figure 8] | [Photo of storage box] |
| Claim 11. "…the right sidewall comprising a first right panel rotatably coupled to a second right panel,…" | [Figure 8] | [Photo of storage box] |
| Claim 15. "…the right sidewall comprising a first right panel rotatably coupled to a second right panel;…" | [Figure 8] | [Photo of storage box] |

The independent claims 1, 11 & 15 of the '576 Patent are not infringed by Plaintiff's product under the "All Element Rule" established by the U.S. Supreme Court in *Warner-Jenkinson v. Hilton Davis Chemical Co.*, 520 U.S. 17 (1997). Plaintiff's product also does not infringe all remaining claims of the '576 Patent which depend upon independent claims either directly or indirectly to incorporate all the elements of the independent claim.

---

[2] Defendant also shut down numerous other Amazon stores selling similarly noninfringing storage boxes, with strong anticompetitive effects on the storage box market by removing most, if not all, sellers of storage boxes from the Amazon platform.

Letter to Honorable Cathy Seibel
May 14, 2025

Defendant leveraged its legal monopoly on the folding & rolling cart market to expand the monopoly illegally into the storage box market by enforcing the '576 Patent beyond the scope of its legal protection in violation of Section 2 of the Sherman Act. Defendant's acts fit the U.S. Supreme Court definition that patent misuse can constitute illegal monopolization or attempted monopolization. see *Walker Process Eqpt., Inc. v. Food Machinery Corp*., **382 U.S. 172** (1965).

Plaintiff also demonstrated an alternative ground for personal jurisdiction, i.e., Defendant has minimum contact with the State of New York and with this judicial district by selling its products via physical shopping establishments within this judicial district (see Complaint and its Exhibits). Moreover, Defendant has been sued in this judicial district in two other cases over misuse of the same asserted patent, Case No. 24-cv-10045 (now closed) and Case No.25-cv-00353 (pending).

Defendant can reasonably expect to be sued in this judicial district for selling its products through local retail establishments within this judicial district and litigates in this judicial district. Therefore, exercising jurisdiction over the Defendant does not offend the traditional notion of fairness.

    Respectfully Submitted

    By: /s/ Lance Liu
    Lance Liu, Esq.
    15 Minuteman Circle
    Southbury, CT 06488
    (203)706-9536
    Attorney for Plaintiff